IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL HATCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:12-CV-378-TMH |
| | ) [WO] |
| WARDEN CARTER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Montgomery City Jail, filed this *pro se* 42 U.S.C. § 1983 action on April 25, 2012. Subsequently, and prior to the filing of a written report, Plaintiff filed a motion to dismiss this cause of action. Upon consideration of Plaintiff's motion to dismiss, the court concludes this motion is due to be granted. Furthermore, as Defendants have not filed an answer or otherwise responded to the complaint, the court concludes that this case should be dismissed without prejudice. Rule 41(a)(1), *Federal Rules of Civil Procedure*.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's motion to dismiss (*Doc. No. 7*) be GRANTED and that this case be DISMISSED without prejudice.

It is further

ORDERED that on or before **July 3, 2012** Plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff is objecting. Frivolous, conclusive

or general objections will not be considered by the District Court.  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 18th day of June 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE